[No. 20187.  Department Two.  February 2, 1927.]

# D. W. Nadeau, *Respondent,* v. C. R. Conn *et al.,* *Appellants.*[1]

[1] Arrest (7)—Statutes (69)—Authority to Arrest Under War-
rant—Construction of Statutes With Reference to Other
Statutes.  Prosecutions are to be commenced in the county
where the offense is committed and where the accused is pre-
sumed to be, but the warrant there issued authorizes the sheriff
of that county to apprehend the accused in any other county;
in view of the Territorial Acts, Rem. Comp. Stat., § 2080, re-
quiring criminal process to be directed to and executed by the
sheriff of the county in which it is served, and Id., § 1950, pro-
viding that, if a person against whom a warrant is issued for
an alleged offense in any county escape from or be out of the
county, the sheriff may pursue and take him in any county of
the state; since the acts must be construed together and in the
light of Const. Art. IV, § 6, defining the jurisdiction of the su-
perior courts in criminal cases and providing that their process
shall extend to all parts of the state.

Appeal from a judgment of the superior court for
Pierce county, Remann, J., entered April 23, 1926, upon
the verdict of a jury rendered in favor of the plaintiff
in an action for false imprisonment.  Reversed.

*John F. Dore, W. H. Abel, James O'Brien, C. J.*
*Henderson, Warren J. Gilbert* and *Hamlet P. Dodd,*
for appellants.

*Henry Arnold Peterson* and *Maurice A. Langhorne,*
for respondent.

Tolman, J.—This is an action to recover damages
for false arrest and imprisonment against the sheriff
of Skagit county, his deputy, and his bondsman, the
sheriff of King county, his deputies, and bondsman,
and the chief of police and another police officer of the
city of Tacoma.  The plaintiff pleads his innocence of
the crime charged, alleges that he was a resident of
Pierce county, known to be such, and was there

[1]Reported in 252 Pac. 913.

arrested by the officers mentioned, acting with common purpose and understanding, by virtue of a warrant issued by the superior court of Skagit county to the sheriff of that county, which was of no force and void outside of that county. He alleges matters going to the amount of damages, not necessary to be here set forth, that the proceedings were afterwards dismissed and that he was accordingly released and discharged.

The defendants, by answer, by due and proper offer of proof, by requested instructions and exceptions to instructions given, and by appropriate and timely motions, in every way sought to present two defenses: (1) that the warrant was not void outside of Skagit county and it might be executed by the sheriff of Skagit county in any county in the state where the person named therein might be found, and (2) that the defendant officers had probable cause to make the arrest and might do so without a warrant. The trial court consistently ruled against both of these defenses throughout the trial and practically submitted to the jury only the question of the amount of damages. A verdict for eight hundred fifty dollars was returned in favor of the plaintiff and against all of the defendants, and from a judgment thereon they have appealed.

[1] The first of the questions thus raised presents for consideration two seemingly somewhat inconsistent statutes. Rem. Comp. Stat., § 2080 [P. C. § 9175], being a part of the chapter entitled "proceedings before arraignment," provides

"All criminal process issuing out of the superior court shall be directed to the sheriff of the county in which it is to be served, and be by him executed according to law."

This statute was the basis of the rulings by the trial court of which complaint is made. Rem. Comp.

Stat., § 1950 [P. C. § 9598], being a part of the chapter entitled "Examination of persons charged with crime before magistrates," provides:

"If any person against whom a warrant may be issued for an alleged offense committed in any county shall, either before or after the issuing of such warrant, escape from or be out of the county, the sheriff or other officer to whom such warrant may be directed may pursue and apprehend the party charged in any county in this state, and for that purpose may command aid and exercise the same authority as in his own county."

Both of these statutes were first enacted in territorial days and before the adoption of our state constitution, which provides, in § 6 of art. IV:

"Jurisdiction of Superior Courts.—The superior court shall have original jurisdiction in all cases in equity and in all cases at law which involve the title or possession of real property, or the legality of any tax, impost, assessment, toll, or municipal fine, and in all other cases in which the demand or the value of the property in controversy amounts to one hundred dollars, and in all criminal cases amounting to felony, and in all cases of misdemeanor not otherwise provided for by law; . . . The superior court shall also have original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court; . . . They shall always be open, except on nonjudicial days, and their process shall extend to all parts of the state."

Our present task is to construe both of these statutes in the light of our constitution so as to give effect, so far as possible, to both and establish a workable rule. Respondent presents an argument based upon the supposition that one statute is intended for use where the person charged is arrested for examination and investigation, and the other when the person is arrested for trial. But since information may now be filed directly

in the superior court without a previous examination before a magistrate, we think that distinction cannot be logically drawn.

What the intent and purpose of the territorial legislature was, being then unhampered by the constitution, is now immaterial. These statutes must be construed as though enacted after the adoption of the constitution, and, when so construed, it seems plain that both acts, taken together, can only stand and be made effective by construing them to mean that a criminal prosecution shall be commenced in the county where the crime was committed, that the guilty person is presumed to be in that county and the warrant shall issue to the sheriff of that county; that if, in fact, the person named in the warrant is out of that county, then the sheriff may apprehend him in any county in the state in which he may be found. No other construction is possible under the provisions of our constitution, and, because of those provisions, it is useless to inquire into the scope of a sheriff's authority at common law or in other states.

Our conclusions upon this point make it unnecessary to consider the other defense raised.

Were the allegations of the complaint confined to the supposed unlawful arrest, the action would be dismissed; but, as we read it, the complaint goes further and contains allegations, and testimony was given, of things done which might entitle respondent to go to the jury on the question of improper treatment following the lawful arrest.

The judgment will, therefore, be reversed, with directions to grant a new trial and to permit the pleadings to be recast in accordance with the views herein expressed.

MACKINTOSH, C. J., PARKER, ASKREN, and BRIDGES, JJ., concur.